**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fidel Antonio MENDEZ, Defendant–
Appellant.**

**No. 13–30170.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2014.

Filed Aug. 26, 2014.

Alexander C. Ekstrom, Assistant U.S., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Diane Elizabeth Hehir, Assistant Federal Public Defender, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior District Judge.*

---

\* The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

MEMORANDUM **

1.  The district court properly rejected Fidel Mendez's Second Amendment challenge. Mendez's prior juvenile adjudication is a conviction of a "crime punishable by imprisonment for a term exceeding one year" under 18 U.S.C. § 921(a)(20). *See United States v. Mendez,* —— F.3d —— (9th Cir.2014). As an individual with a prior conviction satisfying § 921(a)(20), Mendez is "categorically different from the individuals who have a fundamental right to bear arms." *United States v. Vongxay,* 594 F.3d 1111, 1115 (9th Cir.2010). Section 922(g)(1) is a *"presumptively lawful regulatory measure* [ ]" and does not unconstitutionally burden whatever Second Amendment rights Mendez may have. *See id.* (quoting *District of Columbia v. Heller,* 554 U.S. 570, 627 n. 26, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008)).

2.  Mendez also contends, citing our decision in *United States v. Tighe,* 266 F.3d 1187 (9th Cir.2001), that the use of his juvenile adjudication as a predicate offense violated his due process rights. But *Tighe* raised an *Apprendi* issue—whether the fact of a juvenile adjudication needed to be proved beyond a reasonable doubt to the jury—and has nothing to say about the use of a juvenile adjudication as a predicate conviction. *See id.* at 1193. In this case, because a prior conviction is an element of the offense, the government would necessarily have borne the burden of proving the fact of Mendez's juvenile adjudication beyond a reasonable doubt.

3.  The district court properly denied Mendez's motion to suppress. Officer Horn needed only reasonable suspicion to con-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

duct a brief investigatory stop. *See United States v. Brignoni–Ponce,* 422 U.S. 873, 880–82, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). He believed the shotgun had a shortened barrel and articulated reasonable and specific facts supporting his belief, which was based on his years of training and experience as a law enforcement officer. Once Officer Horn learned Mendez owned the gun and had a prior felony conviction, Officer Horn had probable cause to seize the gun.

**AFFIRMED.**